UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22388-CIV-O'SULLIVAN

[CONSENT]

EDILBERTO HERNANDEZ,
and other similarly situated,

      Plaintiff,

v.

H.O.N. CONSTRUCTION COMPANY,
INC., et al.,

      Defendants.

_____/

## ORDER

      THIS MATTER came before the Court on Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) as to H.O.N. Construction Company, Inc. and Denis A. Lopez (DE # 47, 3/6/09). The Court finds that an evidentiary hearing is not required and the matter is otherwise ripe for review. Having reviewed the record, applicable filings and the law, it is hereby

      ORDERED AND ADJUDGED that Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) as to H.O.N. Construction Company, Inc. and Denis A. Lopez (DE # 47, 3/6/09) is **GRANTED** as more fully discussed below.

## BACKGROUND

      On September 12, 2007, the plaintiff, Edilberto Hernandez, filed suit against defendants H.O.N. Construction Company, Inc., Denis A. Lopez, Shear Construction and Development, Inc. and Gary Shear for unpaid minimum wage and overtime

compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. See Complaint (DE #1, 9/12/07). On September 26, 2008, the plaintiffs voluntarily dismissed defendants Shear Construction and Development, Inc. and Gary Shear. See Plaintiff's Notice of Voluntary Dismissal with Prejudice of Defendants Shear Construction and Development, Inc. and Gary Shear Pursuant to Fed. R. Civ. P. 41 (DE# 27, 9/26/08). The case proceeded against defendants H.O.N. Construction Company, Inc. and Denis A. Lopez.

### A.    Default Against the Corporate Defendants

On December 10, 2008, the Court issued an Order (DE# 41) allowing H. Jeffrey Cutler, Esq. to withdraw from the future representation of the defendants, effective December 30, 2008. The December 10, 2008 Order also allowed the corporate defendant, H.O.N. Construction Company, Inc. (hereinafter "H.O.N."), until December 30, 2008, to retain new counsel, and for said counsel to enter a formal appearance with this Court. Because H.O.N. is a corporation, it cannot proceed pro se. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). In the December 10, 2008 Order (DE # 41), the Court warned the defendants that if the corporate defendant failed to retain new counsel, or new counsel failed to enter a formal appearance with this Court on or before December 30, 2008, this Court could, based on a motion by the plaintiff, or sua sponte, enter a default in favor of the plaintiff and against defendant H.O.N. The corporate defendant failed to comply with the December 10, 2008 Order. On January 5, 2009, the Court entered a default against defendant H.O.N. See Order (DE# 42, 1/5/09).

2

### B.      Default Against the Individual Defendant

On December 10, 2008, the Court issued an Order (DE# 41) requiring the individual defendant to "file a notice with the Court indicating the proper address for service of all future pleadings in this matter on or before December 30, 2008." See Order (DE# 41, 12/10/08). The Order further warned the individual defendant that "[t]he failure to comply with this order may result in a default against defendant Denis A. Lopez." Id. Defendant Lopez failed to file the requisite notice.

On January 5, 2009, the undersigned issued a second Order (DE # 42) requiring the individual defendant, Denis A. Lopez, to "comply with the December 10, 2008 Order requiring him to file a notice with the Court indicating the proper address for service of all future pleadings in this matter on or before Tuesday, January 20, 2009." See Order (DE# 42, 1/5/09) (emphasis omitted). In this Order (DE# 42), the Court warned the individual defendant that "[t]he failure to comply with this Order will result in a default against defendant Denis A. Lopez." The Court's Order (DE# 42) required the defendants' former counsel, H. Jeffrey Cutler, to provide a copy of the Order to the defendants. Mr. Cutler filed a Notice of Compliance with Order Dated December 10, 2008 (DE# 43, 1/23/09) indicating that he served a copy of the Court's December 10, 2008 Order (DE# 41) on his former clients and providing the Court with the address where service was made. See Notice of Compliance with Order Dated December 10, 2008 (DE# 43, 1/23/09). Mr. Cutler's Notice (DE# 43) did not state whether he provided his former clients with a copy of the Court's January 5, 2009 Order (DE # 42) . As such, the Court provided the individual defendant, Denis A. Lopez, with an additional opportunity to comply with the Court's Orders by February 16, 2009. See Order (DE#

3

44, 1/27/09). The Court mailed a copy of this Order (DE# 44) to the mailing address provided by Mr. Lopez's former counsel. The individual defendant did not comply with the Court's Order (DE# 44). On February 18, 2009, the Court entered a default against the individual defendant, Denis A. Lopez. See Order (DE# 46, 2/18/09).

### C.    The Instant Motion

The Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) as to H.O.N. Construction Company, Inc. and Denis A. Lopez (DE # 47) was filed on March 6, 2009. The Court issued an Order (DE# 48) requiring the defendants to file their responses to the instant motion by March 23, 2009. The Order (DE# 48) warned the defendants that the failure to file a response could result in an order granting the instant motion. Id. The defendants failed to file their responses to the instant motion.

### LEGAL ANALYSIS

A default judgment in favor of the plaintiff and against the defendants is warranted. On March 6, 2009, the plaintiff filed the instant motion for entry of a final default judgment (DE# 47). It is well-settled that the entry of a judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir.1985) (citing Flaksa v. Little River Marine Construction Co., 389 F.2d 885, 887 (5th Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a default judgment. See Bonanza Intern., Inc. v. Corceller, 480 F.2d 613, 614 (5th Cir.1973).[1] The Court finds that the defendants have failed to comply with its December 10, 2008, January 5, 2009 and January 27, 2009

---

Pursuant to Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), decisions rendered by the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

4

Orders. Accordingly, the plaintiff is entitled to judgment by default against the defendants.

The plaintiff seeks $15,624.80 in damages. <u>See</u> Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) as to H.O.N. Construction Company, Inc. and Denis A. Lopez (DE # 47, 3/6/09). These amounts are also contained in the plaintiff's statement of claim. <u>See</u> Statement of Claim (DE# 5, 10/2/07). The plaintiff supports his damages claim through an affidavit. (DE# 47-2).  The Court finds that these documents are sufficient to support the plaintiffs' damages claims.

## <u>CONCLUSION</u>

Based on the defendants' continuous disregard of this Court's Orders, the entry of a judgment by default is warranted. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Final Default Judgment Pursuant to 29 U.S.C 216(b) as to H.O.N. Construction Company, Inc. and Denis A. Lopez (DE # 47, 3/6/09) is **GRANTED**. It is further

ORDERED AND ADJUDGED that the plaintiff is entitled to damages in the amount of $15,624.80. It is further

ORDERED AND ADJUDGED that the plaintiff shall file his motion for attorney's fees and costs supported by the appropriate documentation no later than **Thursday, April 23, 2009.**

DONE AND ORDERED in Chambers at Miami, Florida this **24th** day of March, 2009.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All Counsel of Record

Copies mailed by Chambers to:

Denis A. Lopez
H.O.N. Construction Company, Inc.
16186 SW 86th Terrace
Miami, FL 33193

Denis A. Lopez
H.O.N. Construction Company, Inc.
13715 SW 139 Ct Bay 104
Miami, FL 33186